IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-111-D
No. 5:19-CV-547-D

| | |
|---|---|
| MAURIO TAJARA MITCHELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On December 2, 2019, Maurio Tajara Mitchell ("Mitchell" or "petitioner") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 420-month sentence [D.E. 537]. On July 10, 2020, the government moved to dismiss Mitchell's motion [D.E. 551] and filed a memorandum in support [D.E. 552]. On July 15, 2020, Mitchell responded in opposition [D.E. 554]. As explained below, the court grants the government's motion to dismiss and dismisses Mitchell's section 2255 motion.

I.

Mitchell was a high-volume drug dealer in North Carolina. See Presentence Investigation Report ("PSR") [D.E. 434] ¶¶ 22–44. He was accountable for 52 kilograms of cocaine, 3.5 kilograms of heroin, and 720 pounds of marijuana. See id. On June 20, 2017, Mitchell pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, one kilogram, or more of heroin, and a quantity of marijuana (count one), conspiracy to commit money laundering (count two), possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting (count three), and distribution with intent to distribute a quantity of marijuana and aiding and abetting (count four). See [D.E. 301]; Rule 11 Tr. [D.E. 473] 2–24. On December 13, 2017, the court held Mitchell's sentencing hearing. The court adopted the facts set

forth in the PSR, overruled Mitchell's objections, and did not give Mitchell credit for acceptance of responsibility. The court calculated Mitchell's advisory guideline range to be 292 to 365 month's imprisonment on counts one, two, and four, and 60 months' consecutive imprisonment on count three, based on a total offense level 40 and criminal history category I. See Sentencing Tr. [D.E. 474] 2–82. After considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Mitchell to 360 months' imprisonment on count one, 240 months' concurrent imprisonment on count two, 60 months' concurrent imprisonment on count four, and 60 months' consecutive imprisonment on count three, for a total of 420 months' imprisonment. See id. at 92–98. Mitchell appealed [D.E. 464].

On September 7, 2018, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Mitchell, 736 F. App'x 423, 424 (4th Cir. 2018) (per curiam) (unpublished). In affirming this court's judgment, the Fourth Circuit rejected Mitchell's arguments concerning the substantive reasonableness of his sentence and the drug-weight findings. See id. at 423–24.

In Mitchell's section 2255 motion, Mitchell contends that he was denied effective assistance of counsel in preparation for and during the sentencing hearing. See [D.E. 537] 5. Specifically, Mitchell contends that counsel was ineffective by (1) contesting the possession of all firearms mentioned in the PSR; (2) failing to warn Mitchell about the dangers of pursuing Mitchell's objections to the PSR and the possibility of not getting credit for acceptance of responsibility; (3) failing to communicate with Mitchell about his case; (4) failing to attend diligently to Mitchell's case; (5) lying to Mitchell's family about counsel's preparation; and (6) exhibiting a prurient interest in Mitchell's paramour. See [D.E. 539] 6–8.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure

2

to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant

3

is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Mitchell must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and then alleges ineffective assistance of counsel to attack his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted). When a defendant alleges ineffective assistance of counsel to attack his sentence, a defendant must show a reasonable probability that he would have received a different sentence if the deficient performance at sentencing had not occurred.

4

See Sears v. Upton, 561 U.S. 945, 956 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017).

During Mitchell's Rule 11 proceeding, Mitchell swore that he understood the charges to which he was pleading guilty. See Rule 11 Tr. at 2–17. Mitchell also swore that he was fully satisfied with his lawyer's legal services, and that he had reviewed and had discussed his entire case with counsel. See id. at 11–12. Mitchell also swore that he understood that the court could sentence him up to the statutory maximum on each count of conviction, and that if the court did so, Mitchell could not withdraw his guilty plea. See id. at 17–21.

Mitchell's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Those sworn statements show that Mitchell admitted to committing the charged crimes. Mitchell's sworn statements also show that Mitchell understood that, even if he received a statutory-maximum sentence on the counts of conviction, he could not withdraw his guilty plea and would not be able to go to trial. Accordingly, to the extent that Mitchell challenges his guilty plea, Mitchell has not plausibly alleged "that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1965, 1967–69; Hill, 474 U.S. at 59; Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Mitchell has not shown that absent the alleged errors he would have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694. Thus, Mitchell cannot show prejudice from the alleged errors, and Mitchell cannot challenge his guilty plea.

Mitchell's general challenges to counsel's performance at sentencing also fail. Defense counsel's performance was adequate and falls within the wide range of professional performance.

5

See, e.g., Strickland, 466 U.S. at 691 ("The reasonableness of counsel's action may be determined or substantially influenced by the defendant's own statements or action. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant."). Here, Mitchell admitted to committing each count, and a factual basis existed for his guilty plea. See Rule 11 Tr. at 22–32. Moreover, Mitchell's PSR recounted the factual basis for Mitchell's guilty plea. See PSR ¶¶ 22–44. Mitchell also swore that he was satisfied with counsel's performance. See Rule 11 Tr. at 11–12. Furthermore, at Mitchell's sentencing hearing, Mitchell stated under oath that he had discussed the PSR with his counsel. See Sent Tr. at 5. Mitchell's sworn statements about counsel's performance belie his conclusory claims that counsel neglected his case, failed to communicate with him, lied to his family, and expressed a prurient interest in Mitchell's paramour. In any event, generalized complaints about counsel (such as being inattentive, failing to communicate, lying to family members, or being interested in a defendant's paramour) are not sufficient to plausibly allege deficient performance. See, e.g., United States v. Cronic, 466 U.S. 648, 666 (1984) (holding that a criminal defendant can "make out a claim of ineffective assistance only by pointing to specific errors made by trial counsel" in the case; mere generalized complaints about counsel are not sufficient); Lenz v. Washington, 444 F.3d 295, 302–04 (4th Cir. 2006); United States v. Stewart, 256 F.3d 231, 246 (4th Cir. 2001); United States v. LaRouche, 896 F.2d 815, 823 (4th Cir. 1990). Thus, Mitchell's claims about counsel being inattentive, failing to communicate, lying to family members, or having a prurient interest in Mitchell's paramour fail to plausibly allege deficient performance.

As for the sentence itself, counsel objected to the drug weight and firearms because Mitchell contested the factual accuracy of the PSR. See Sentencing Tr. at 2–82. Under oath at the sentencing hearing, and after the court had overruled Mitchell's objections to the drug weight and the firearms,

6

Mitchell continued to vociferously persist in his objections to the drug weight and "to the possession of any firearms on my behalf." See id. at 88. In light of Mitchell's own statements, counsel's strategic effort to permit Mitchell to seek to obtain acceptance of responsibility while persisting in his objections to the PSR was not deficient performance. See, e.g., Strickland, 466 U.S. at 689–700.

Alternatively, Mitchell has not plausibly alleged prejudice concerning his claims about the objections to the drug weight and firearms and the failure to warn Mitchell about the possibility of losing acceptance of responsibility. Prejudice in the context of counsel's alleged deficient performance at sentencing means the existence of a reasonable probability that the defendant would have received a different sentence if the deficient performance had not occurred. See, e.g., Sears, 561 U.S. at 956. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Where counsel's alleged deficient performance resulted in the guidelines being improperly calculated, the nature of that error can often be sufficient to satisfy defendant's burden as to prejudice. See Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016). However, in Molina-Martinez, the Court recognized that if the sentencing court stated that it would have imposed the same sentence regardless of the advisory guideline calculation and the sentence would have been substantively reasonable, that pronouncement would suffice to demonstrate that the advisory guideline calculation error did not prejudice defendant. See id. at 1346–48; United States v. Feldman, 793 F. App'x 170, 174 (4th Cir. 2019) (per curiam) (unpublished).

At the end of Mitchell's lengthy sentencing hearing, the court announced an alternative variant sentence. See Sentencing Tr. at 97–98; United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012). Specifically, the court stated:

7

> I do think I properly calculated the advisory guideline range, but I announce pursuant to U.S. v. Gomez-Jimenez, 750 F.3d 370 (4th Cir. 2014) and U.S. v. Hargrove, 701 F.3d 156 (4th Cir. 2012) that I'd impose the same sentence as an alternative variant sentence if I miscalculated the advisory guideline range, including anything associated with either the drug weight or the absence of acceptance of responsibility. This is the sentence that is sufficient, but not greater than necessary, for Maurio Mitchell for all the reasons I described.

Sentencing Tr. at 97–98. The court's alternative variant sentence defeats any prejudice claim concerning counsel's performance at sentencing, including counsel's decision to object to the alleged drug weight and the firearms and his alleged failure to warn Mitchell about the possibility of not getting credit for acceptance of responsibility. See, e.g., Molina-Martinez, 136 S. Ct. at 1347–48; Feldman, 793 F. App'x at 174–75. Moreover, on direct appeal, the Fourth Circuit rejected Mitchell's argument that his sentence was substantively unreasonable. See Mitchell, 736 F. App'x at 424. Thus, Mitchell's ineffective assistance of counsel claims concerning his sentence fail.

After reviewing the claims presented in Mitchell's motion, the court finds that reasonable jurists would not find the court's treatment of Mitchell's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 551], DISMISSES Mitchell's section 2255 motion [D.E. 537], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 18 day of August 2020.

A. Dever<br>
JAMES C. DEVER III<br>
United States District Judge